Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Stephen A. Klein*
  sklein@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Pro Hac Vice* to be filed

*Attorneys for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RACHAEL NAVARRO,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JUSTFAB, LLC d/b/a JUSTFAB**, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Rachael Navarro ("Navarro" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant JustFab, LLC d/b/a JustFab ("JustFab" or "Defendant") to: (1) stop Defendant's practice of sending text messages using an "automatic telephone dialing system" ("ATDS") to

the cellphones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendant's conduct.

Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION & VENUE

1.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceed $5 million. Further, none of the exceptions to CAFA applies.

2.     This Court has personal jurisdiction over Defendant JustFab because JustFab has solicited and entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or emanated from this District.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred within this district.

## PARTIES

4.     Plaintiff Rachael Navarro is an individual residing in Mount Shasta, Siskiyou County, California, 96067.

5.     Defendant JustFab is a limited liability company registered and existing under the laws of the State of Delaware, whose principal place of business is 800 Apollo Street, El Segundo, CA 90245.

## COMMON FACTUAL ALLEGATIONS

6.     Defendant JustFab is an online membership shopping platform for women's clothing and accessories.[1]

7.     JustFab makes sales through online advertisements, text message advertisements, and its website, https://www.justfab.com, where it gathers personal billing information, addresses, and telephone numbers from consumers.

8.     Unfortunately for consumers, Defendant, in an attempt to secure more business, engages in an aggressive telemarketing campaign by repeatedly sending unsolicited, repetitive text message advertisements to consumer's telephones using an automatic telephone dialing system ("ATDS")—often without consent and in violation of the law.

9.     While autodialed calls or text messages may be made where a caller/sender obtains prior express written consent, Defendant sent text messages to telephones using an ATDS without consumer' prior written express consent in violation of the TCPA.

10.     At no time did Defendant obtain prior express consent from the Plaintiff or the members of the Class orally or in writing to receive autodialed text messages.

11.     In placing the text messages at issue in this Complaint, Defendant and/or its agents utilized an ATDS. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store and/or produce numbers using a random or sequential number generator, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer in that it is capable of sending numerous text messages simultaneously, without human intervention.

---

[1] https://www.justfab.com

12.     The text messages were sent by or on Defendant's behalf and with their knowledge and approval. Defendant knew about the messages, received the benefits of the messages, directed that the messages be sent, and/or ratified the sending of the messages.

13.     The TCPA was enacted to protect consumers from unsolicited telephone text messages like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text messages activities to consumers as complained of herein and an award of statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF NAVARRO

14.     Plaintiff Navarro is the owner and customary user of the cellphone number ending in 1977.

15.     Around September 29, 2020, Navarro received a text message from the short code 29691, which stated the following: "JustFab: It's a good day to register to vote! … We've partnered with I am a voter. to encourage women to make their voices heard this Nov. https://iamavoter.com/".

16.     Following the initial voter registration text, Navarro began to receive multiple text messages from the same 29691 short code, all of which were advertisements for the company JustFab. Once the link is clicked, it immediately directs the user to JustFab's official website and store.

17.     From September 29, 2020 to present, Navarro has received multiple different text messages from the same 29691 short code, each of the text messages containing an advertisement for JustFab.

18.     To illustrate Defendant's invasive and relentless behavior, some of the times and dates when Plaintiff received such text messages are documented as

follows:

      a. October 1, 2020 at 2:38 P.M.

      b. October 19, 2020 at 4:11 P.M.

      c. October 20, 2020 at 5:39 P.M.

      d. October 23, 2020 at 5:28 P.M.

      e. November 1, 2020 at 12:11 P.M.

      f. November 5, 2020 at 12:47 P.M.

      g. November 7, 2020 at 2:11 P.M.

      h. November 17, 2020 at 4:35 P.M.

      i. November 26, 2020 at 9:22 A.M.

      j. November 27, 2020 at 12:06 P.M.

      k. November 29, 2020 at 11:36 A.M.

      l. November 30, 2020 at 10:04 A.M.

      m. December 11, 2020 at 4:56 P.M.

In total, Plaintiff received at least 14 text messages in a span of about two months from the above short code, all of which contained advertisements and links to Defendant JustFab. Some examples follow:







19.     All of the text messages were sent by an ATDS at the direction and oversight of Defendant. Defendant knew about, directed, ratified, and benefitted from the text messages.

20.     On information and belief, the equipment used to send the texts at issue has the capacity to use a random or sequential number generator in the process of storing numbers from a pre-produced list for texting at a later date.

21.     The equipment at issue also has the capacity to produce telephone numbers using a random or sequential number generator. Specifically, the texting software, by virtue of being inextricably linked to a computer operating system, has the capacity to generator random or sequential telephone numbers. All computers have this function.

22.     Defendant was, and still is, aware that the above-described autodialed text messages were sent to consumers like Plaintiff who have not consented to receive them.

23.     By sending unsolicited text messages as alleged herein, Defendant has caused Plaintiff and members of the Class actual harm. This includes the aggravation, nuisance, and invasions of privacy that result from the placement of such text messages, in addition to the wear and tear on their phones, interference with the use of their phones, consumption of battery life, loss of value realized for monies consumers paid to their carriers for the receipt of such messages, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant sent the text messages knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

24.     Plaintiff has no relationship with Defendant and never provided

Defendant any sort of prior express written consent to be texted.

25.     To redress these injuries, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls and text messages to telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to Class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the following Class defined as follows:

> **No Consent Text Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) sent text messages from Defendant's short code; (2) on the person's cellular telephone number; (3) for the purpose of promoting a product or service; and (4) for whom Defendant claims they obtained prior express consent in the same manner as Defendant may claim they supposedly obtained prior express consent to send text messages to Plaintiff.

27.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the

class definitions following a period of appropriate discovery regarding the purpose of the text messages, any consent obtained, and any third party on whose behalf the text messages were sent.

28.  **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has sent telemarketing text messages to thousands of consumers who fall into the defined Class. The number of members of the Class and Class membership can be identified through objective criteria, including Defendant's phone records.

29.  **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

30.  **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor her counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

31.  **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether the text messages were sent by or on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the text messages;

(c)     Whether Defendant sent the text messages using an ATDS;

(d)     Whether Defendant had any prior express written consent to send the text messages; and

(e)     Whether Defendant's conduct was willful or knowing such that members of the Class are entitled to treble damages.

32.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

33.    **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision

by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

**On behalf of Plaintiff and the Autodialed No Consent Class**

34.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35.   Defendant sent unsolicited and unwanted autodialed telemarketing text messages to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's clothing and clothing accessory products.

36.   Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A)   By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing text messages using an automatic telephone dialing system; and

(B)    The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

37.   Further, Defendant sent the autodialed text messages using equipment that has the capacity to store or produce telephone numbers to be called or texted using a random or sequential number generator, and to dial such numbers, *en masse*, simultaneously and without human intervention.

38.    By sending unsolicited text messages to Plaintiff and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

39.    As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited autodialed text messages on their cellular telephones and, under Section 227(b)(3), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

40.    Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Classes, prays for the following relief:

A.    An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

C.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

D.    An award of trebled damages if willful or knowing violations are shown;

E.   An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.   Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 4, 2021

**RACHAEL NAVARRO,** individually and on behalf of all others similarly situated,

By: /s/ Rebecca Davis
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Stephen Klein*
sklein@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*
*pro hac vice application to be filed